UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIERRA GONZALEZ,

                Plaintiff,

-against-

RYAN HEALTH NENA; LETITIA JAMES;
JONATHAN FRIED,

                Defendants.

1:24-CV-6917 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Sierra Gonzalez, of the Bronx, New York, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction, specifically citing 22 U.S.C. § 2702 and the Federal Tort Claims Act ("FTCA").[1] Plaintiff sues: (1) Ryan Health NENA; (2) Letitia James, the Attorney General of the State of New York; and (3) Jonathan Fried, whom Plaintiff describes as the General Counsel and Health Insurance Portability and Accountability Act (HIPAA) privacy officer of Ryan Health NENA. (ECF 1, at 4.) She seeks $100,000 in damages. The Court understands Plaintiff's complaint as asserting claims under the FTCA against Ryan Health NENA, claims of federal constitutional violations under 42 U.S.C. § 1983 against James, as well as claims under state law against James and Fried.

      By order dated September 18, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the

---

[1] Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, court submissions that refer to a minor child may only do so by using the child's name's initials, and to a person's date of birth by using the person's birth year. Fed. R. Civ. P. 5.2(a)(2), (3). In her complaint, Plaintiff reveals the full name and date of birth of at least one minor child; in her *in forma pauperis* application, Plaintiff reveals the full name of at least one minor child. Thus, in an abundance of caution, the Court has directed the Clerk of Court to limit electronic access to those submissions to a "case participant-only" basis.

Court dismisses this action, but grants Plaintiff 30 days' leave to replead certain claims in an amended complaint, as specified below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id*. (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

2

pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: On October 9, 2023, at the Ryan Health NENA health-care facility located at 279 East 3rd Street, in New York, New York, Plaintiff underwent a gynecological medical examination conducted by a physician named Dr. Jennifer Howard. The result of that examination was that no "'abnormal findings'" were detected. (ECF 1, at 5.) Despite that, Plaintiff's "vagina ha[d] been removed as well as [her] colon because of a[n] unauthorized vaginectomy." (*Id.*) Plaintiff also alleges that:

> [Dr.] Jennifer Howard, Dr. Khanna, Julio Nemesis, Darrik Whitley, [and the] Directors of [the] Ryan NENA Health Center . . . []breached [their] duty of care,[] and were . . . []medically[] []negligent[] for failure to provide the truth for informed consent in regards [to] the unlawful removal of [Plaintiff's] internal organs for trafficking [and] unlawful sex acts which have been covered up. [*sic*]

(*Id.*)

Plaintiff has attached to her complaint a letter dated February 12, 2024, from the Office of the General Counsel of the United States Department Health & Human Services ("HHS"), that acknowledged receipt of an administrative tort claim that Plaintiff had filed with that agency, which was received by that agency on January 22, 2024; it references an "Administrative Tort Claim of Sierra Gonzalez, Claim No. 2024-0197," but offers no facts about Plaintiff's administrative claim.[2] (*Id.* at 22-23.) The letter requests that Plaintiff provide, within 15 days, copies of relevant medical records, bills, a statement of expected duration of and expenses for

---

[2] Other than this attached letter, Plaintiff does not mention the existence of that administrative claim anywhere within her complaint.

3

treatment, a statement from her employer regarding lost wages, any other relevant evidence. (*Id.*) It also states that:

> [b]y operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her administrative tort claim within three months after a request for such evidence has been made[] may be deemed an abandonment of the administrative tort claim. Further, a claimant's failure to provide requested evidence during the administrative tort claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative tort claim.

(*Id.* at 23) (citing *Swift v. United States*, 614 F.2d 812 (1st Cir. 1980)).

In a letter received by the court on October 21, 2024, Plaintiff requests "a virtual appearance, due to [her] disability or inability to stand for long, and [her] requirement of durable medica[l] supplies." (ECF 5.) In that same letter, Plaintiff asserts that she suffers from attention-deficit/hyperactivity disorder ("ADHD"), and she seems to request the appointment of a guardian ad litem. (*Id.*)

## DISCUSSION

A.   **Request for the appointment of a guardian ad litem**

The Court must deny Plaintiff's request for the appointment of a guardian ad litem. Under Rule 17(c) of the Federal Rules of Civil Procedure, "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a[n] . . . incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c); *Galanova v. Portnoy*, 432 F. Supp .3d 433, 442 (S.D.N.Y. 2020) ("In cases in which the plaintiff is incapacitated, and therefore unable to proceed *pro se*, and is unrepresented, the district court must not reach the merits of a claim filed on behalf of an incompetent person who is not properly represented by a suitable guardian and through counsel.") (internal quotation marks and citation omitted).

4

The duty to consider whether Rule 17(c) applies is triggered by:

evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or . . . verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.

*Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).

Plaintiff alleges nothing to suggest that either "an appropriate court of record or a relevant public agency . . . [has] adjudicated [her] incompetent" or that "a mental health professional . . . is [treating] . . . or has . . . treated [her] for mental illness of the type that would render . . . her legally incompetent." (*Id.*) While Plaintiff attaches to her complaint many of her medical records, including some indicating that she is being treated or has been treated for mental health issues, including, but not limited to ADHD and post-traumatic stress disorder (PTSD), domestic violence, and sexual abuse, she includes no allegations or documentation showing that a court or public agency has adjudicated her incompetent or that she suffers from a mental illness that renders her incompetent. *See Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at *2 (2d Cir. Oct. 31, 2024) (summary order) ("As the district court concluded, this evidence may suggest that Romano 'almost certainly suffers from some degree of mental illness.' But the record speaks only to mental illness – not incompetence. And there is no 'necessary relationship' between the two.") (citations omitted). Accordingly, the Court denies Plaintiff's request for the appointment of a guardian ad litem without prejudice to Plaintiff's providing the required information concerning her condition and its effect in an amended complaint.[3]

---

[3] The Court warns Plaintiff that, if an incompetent person brings suit *pro se*, and if the court holds that it is "clear that no substantial claim could be asserted . . . [by that incompetent person, the court] may dismiss the complaint . . . without prejudice." *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009).

**B.     Claims under the FTCA against Ryan Health NENA**

The Federally Supported Health Care Center Assistance Act of 1992 ("FSHCCA"), 42 U.S.C. § 233, extended FTCA coverage to certain health care centers that receive federal funding under Section 330 of the Public Health Service Act by authorizing HSS to "deem" them employees of the United States Public Health Service ("PHS"). *See* 42 U.S.C. § 233(g)-(n). Once deemed to be a PHS employee, under Section 233(a), a community health center and its employees enjoy immunity for their acts that relate to their employment, and any civil tort claims against them arising from their medical, surgical, dental, and related functions are treated as claims against the United States of America, brought under the FTCA.[4] *See* § 233(a).

Courts have recognized certain organizations, such as Ryan Health NENA or similarly named organizations, as health care centers that receive federal funding as described above and, therefore, as federal employees for the purpose of liability under the FTCA. *See Veldez ex rel. Donely v. United States*, 518 F.3d 173, 176 (2d Cir. 2008); *Xiao Qing Liu v. New York State Dep't of Health*, No. 1:16-CV-4046 (ER), 2017 WL 3393944, at *10 (S.D.N.Y. Aug. 7, 2017), *appeal dismissed*, No. 17-2820, 2018 WL 1276744 (2d Cir. Jan. 11, 2018) (unpublished); *Bogues v. United States*, 703 F. Supp. 2d 318, 319-29 (S.D.N.Y. 2010) (discussing when the

---

[4] The relevant subsection provides that:

[t]he remedy against the United States provided by . . . [the FTCA], or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under . . . [the FTCA], for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the [PHS] while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C § 233(a).

relevant health care center was considered to be a PHS employee). In light of this and the abovementioned letter from HHS that is attached to Plaintiff's complaint, for the purpose of this order, the Court will regard Ryan Health NENA as a federal employee. The Court therefore understands Plaintiff's complaint as asserting tort claims against Ryan Health NENA under the FTCA arising from the alleged acts of its health care employees on October 9, 2023, at its facility located at 279 East 3rd Street, in New York, New York.

1. **Proper defendant for claims under the FTCA**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). An example of a waiver of sovereign immunity is the FTCA. As explained below, however, sovereign immunity has not been waived with respect to Plaintiff's claims under the FTCA against Ryan Health NENA.

The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. Generally speaking, "[t]he proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015); *see also* 28 U.S.C. §2679(b)(1) ("The remedy against *the United States* provided by . . . [the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the

7

claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.") (emphasis added). The same is true with respect to claims arising from the alleged actions of health care centers and their employees that are covered by the FTCA via the FSHCCA. *See* § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct. By its terms, [Section] 233(a) limits recovery for such conduct to suits against the United States."); *Xiao Qing Liu*, 2017 WL 3393944, at *10 (quoting and citing Section 233(a)).

With respect to Plaintiff's claims against Ryan Health NENA under the FTCA, Plaintiff incorrectly names it, instead of the United States of America, as the defendant. In light of Plaintiff's *pro se* status, however, the Court construes such claims as brought against the proper defendant for an FTCA claim, the United States of America.

    **2.**     **Exhaustion of administrative remedies**

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain a claim under the FTCA against the United States of America. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Thus, before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for damages with the appropriate federal government entity, and she must receive a final written determination from that entity. *See* 28 U.S.C. § 2675(a). The filing of such an administrative claim is part of Section 2675(a)'s "jurisdictional presentment requirement." *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021). This "presentment requirement [is]

8

one of notice, not proof. An FTCA claimant must provide the appropriate agency with sufficient notice of [her] claim to permit the agency to conduct an inquiry into the merits of [her] demand for compensation." *Id.* at 110. "[A] claimant presenting an FTCA claim for administrative review . . . 'must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate.'" *Id.* at 111 (quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)). "[W]hile a plaintiff 'need not provide all possible information to satisfy the jurisdictional predicate' of presentment, neither [can] she 'maintain an action after submitting a conclusory [administrative claim] that provided no information' and 'simply refus[ing] to provide an agency with any information to investigate the claim.'" *Id.* (quoting *Romulus*, 160 F.3d at 132) (fourth alteration in original). This exhaustion requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). The burden to show exhaustion remains with the plaintiff, *see In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 210, (2d Cir. 1987); *Krandle v. United States*, Nos. 7:22-CV-4977 (KMK), 7:22-CV-5039 (KMK), 2025 WL 674328, at *5 (S.D.N.Y. Mar. 3, 2025) ("The plaintiff bears the burden of pleading compliance with the FTCA's exhaustion requirement.") (internal quotation marks and citation omitted), *appeal pending*, No. 25-766 (2d Cir.), including the burden of showing presentment of the administrative claim to the relevant federal entity before bringing an FTCA claim in a federal court, *see Collins*, 996 F.3d at 118-19 ("the [FTCA] claimant's presentment burden is one of notice, not proof").

Plaintiff alleges no facts showing that she has fulfilled the abovementioned jurisdictional presentment requirement; she alleges nothing to suggest that she filed an administrative claim with HHS that was "sufficient notice of [her] claim to permit the agency to conduct an inquiry into the merits of [her] demand for compensation," *id*. at 110, with respect to the allegations that

9

she has made in the complaint commencing this action. Other than the letter from HHS that is attached to her complaint, there is no indication that she filed any administrative claim with HHS at all, and nothing in the complaint, including that letter, mentions anything about the substance of the administrative claim that she did file with HHS. Thus, there is nothing in the complaint showing that Plaintiff has satisfied the jurisdictional presentment requirement.

The Court, therefore, dismisses Plaintiff's claims under the FTCA against Ryan Health NENA and the United States of America under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Collins*, 996 F.3d at 109-12, 118-19. The Court, however, grants Plaintiff leave to replead her claims under the FTCA against the United States of America in an amended complaint in which she names the United States of America as a defendant and provides facts showing that she satisfied the jurisdictional presentment requirement when filing her administrative claim with HHS before filing this action; she must allege the substance of the allegations that she made in her administrative claim to HHS and describe how they arise from the events alleged in her amended complaint. The Court encourages Plaintiff to, if possible, attach a copy of the administrative claim that she filed with HHS on January 22, 2024, to her amended complaint. Plaintiff should also indicate, in her amended complaint, whether HHS ever issued a final administrative decision with respect to any administrative claim that she filed with it regarding the claims raised in this action and, if so, the date on which that decision was mailed by HHS to her.[5]

---

[5] Such an administrative claim must be filed with the appropriate federal entity within two years of the relevant cause of action's accrual. 28 U.S.C. § 2401(b). An FTCA claimant may thereafter challenge the Government's final denial of her administrative claim in a federal district court by the filing, in that court, a claim under the FTCA within six months after the date of the mailing of the notice of the final administrative denial by the federal entity. *See* § 2401(b). If no

C.     **Claims under 42 U.S.C. § 1983 against James**

The Court must dismiss Plaintiff's claims of federal constitutional violations, brought under 42 U.S.C. § 1983, against James. A claim for relief under Section 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who

---

written final administrative determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim with that federal entity, the claimant may then bring a claim under the FTCA in a federal district court within another six months. *See* § 2675(a); *Guzman v. USPS*, No. 1:23-CV-10119 (DEH), 2025 WL 486775, at *2 (S.D.N.Y. Feb. 13, 2025), *appeal pending*, No. 25-746 (2d Cir.). "[T]he FTCA's time bars are nonjurisdictional and subject to equitable tolling," like a non-jurisdictional statute of limitations period. *Kwai Fun Wong*, 575 U.S. at 420. Thus, if an FTCA claim is untimely, "[b]efore a court may exercise discretion to grant equitable tolling [of the applicable limitations period], a litigant must demonstrate as a factual matter the existence of two elements: first, 'that some extraordinary circumstance stood in [her] way' and second 'that [she] has been pursuing [her] rights diligently.'" *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (citations omitted, alterations in original).

   To the extent Plaintiff asserts that her claims under the FTCA arise from the alleged acts of employees of Ryan Health NENA that took place on October 9, 2023, with respect to their medical examination of Plaintiff on that date, it appears that Plaintiff timely filed her administrative claim with HHS on January 22, 2024 (*see* ECF 1, at 22-23), within the applicable two-year period listed in Section 2401(b). It also appears that, by February 12, 2024, the date of the letter from HHS in which HHS acknowledged its receipt of Plaintiff's administrative claim on January 22, 2024, HHS was still considering Plaintiff's administrative claim; in that letter, it requested "substantiating evidence" from Plaintiff within 15 days of the date of that letter. (*See id.*) Plaintiff does not give any indication, however, as to whether HHS ever issued a final administrative decision with respect to her administrative claim, and whether it issued such a decision by July 22, 2024 – six months after January 22, 2024, when she apparently filed her administrative claim with HHS. (*See id.*)

11

may fairly be said to be a state actor.") (internal quotation marks and citation omitted, emphasis in original). James, in her role as the Attorney General of the State of New York, would appear to be a state actor for the purposes of Section 1983.

To state a claim under Section 1983 against an individual state actor, a plaintiff must also allege facts showing the individual state actor's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983.") (internal quotation marks and citation omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under [Section] 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges nothing to suggest that James was directly and personally involved with any of the alleged acts mentioned in Plaintiff's complaint; Plaintiff's claims seem to arise under the FTCA rather than under Section 1983 or under state law. The Court therefore dismisses Plaintiff's claims under Section 1983 against James for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

12

2011). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)) (internal quotation omitted). Because Plaintiff may be able to allege additional facts to show that this court has subject matter jurisdiction to consider Plaintiff's claims under the FTCA against the United States of America, arising from the events alleged in the complaint, the Court grants Plaintiff 30 days' leave to replead those claims.

## CONCLUSION

The Court dismisses this action for the reasons set forth above. The Court, however, grants Plaintiff **30 days' leave to replead her claims under the FTCA against the United States of America in an amended complaint,** as specified above. The Court also denies Plaintiff's request for the appointment of a guardian ad litem without prejudice to Plaintiff's providing, in that amended complaint, sufficient information to justify such an appointment.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order. The effect of that judgment will be: (1) denial of Plaintiff's request for the appointment of a guardian ad litem; (2) dismissal of Plaintiff's claims against Ryan Health NENA and the United States of America under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Collins*, 996 F.3d at 109-11, 118-19; (3) dismissal of Plaintiff's claims against James under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii); (4) declination of consideration, under the Court's supplemental jurisdiction,

of Plaintiff's claims against James and Fried under state law, *see* 28 U.S.C. § 1367(c)(3); and (5) denial of all other pending requests as moot.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a judgment is entered.

SO ORDERED.

Dated: August 11, 2025
       New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge